IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06cv13

| | |
|---|---|
| JOYCE ANN TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MACON COUNTY GOVERNMENT ) | |
| EMPLOYEES; REBECCA CRAWFORD; ) | |
| JANE MORGAN; and MIKE DECKER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants Rebecca Crawford's and Mike Decker's Motion to Dismiss (#19). The court also has before it plaintiff's *pro se* Response (#19), which summarily states that granting the dismissal would be an "injustice."

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that she carries a heavy burden in responding to a motion to dismiss for failure to state a cause of action. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In this case, the moving defendant contends that no cause has been stated under 42, United States Code, Section1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a cause of action under Section 1983, plaintiff must allege deprivation of a right secured by the Constitution or other law of United States by a person acting under color of state law.

While the court acknowledges and accepts plaintiff's initial response, she is advised that (1) defendants have made legal arguments directed at each of her claims against them and argued that plaintiff has not stated valid claims and that she cannot prevail on those claims, and (2) that she has a further opportunity to respond to each of those arguments in whatever manner she chooses. Plaintiff will be allowed an additional 14 days from entry of this Order to submit any additional response she may have.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff is **ALLOWED** an additional 14 days within which to file further response, if any, to defendants' Motion to Dismiss.

Signed: August 17, 2006

Dennis L. Howell
United States Magistrate Judge