# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION

### CIVIL NO.  2:06CV13

| | | |
|---|---|---|
| **JOYCE ANN TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **THE TOWN OF FRANKLIN, NORTH** | ) | |
| **CAROLINA, and COUNTY OF** | ) | |
| **MACON, NORTH CAROLINA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the timely filed objections of

both the Plaintiff and the Town of Franklin to the Memorandum and

Recommendation of United States Magistrate Judge Dennis Howell.

Pursuant to standing orders of designation and 28 U.S.C. § 636, the

undersigned referred the Defendants' motion to dismiss to the Magistrate

Judge for a recommendation as to disposition.  The undersigned finds it is

appropriate to address an issue prior to review of the recommendation.

On May 23, 2006, the Plaintiff, who appears *pro se*, filed a complaint

alleging a claim pursuant to 42 U.S.C. § 1983.  In the complaint, she

alleges that employees of the Town of Franklin and the County of Macon trespassed onto her residential real property and removed personal property which they took to a landfill.  A careful reading of the complaint discloses that the governmental authorities removed personal property located inside vehicles and a trailer which had been attracting vermin. Whether or not the vehicles themselves were removed by the authorities is less than clear.  "They demanded that I get rid of my Lincoln Town Car, my mini van, travel trailer, which contains my yard sale and flea mk. (sic) items.  It was 25 degrees at night and 35 degrees during the day and me sick all winter with the flu and recovering from 2 major surgeries and out getting cars ready to give away free."  **Complaint, ¶ D.**  Contained within this language is an implicit admission that the Plaintiff had previously received notification from the governmental authorities advising her to clean up her property and remove the vehicles.  Indeed, attachments to the complaint show that the Plaintiff did, in fact, receive notification that her property was considered in violation of an ordinance against public nuisance.  This implication is confirmed later in the complaint when the Plaintiff alleges that the governmental employees "demaned (sic) I do more yard work and get rid of my town car, mini van and travel trailer."  ***Id., ¶ G.***

Attached to the Plaintiff's complaint is a copy of a newspaper article in which it is alleged that the Plaintiff's property had been declared a public nuisance after being cited for being in violation of the town's nuisance ordinance. **Exhibit *attached to* Complaint.** The article alleges that the property had been declared a nuisance on September 23, 2005 with the clean-up occurring on December 8, 2005. ***Id.*** "[T]he chief of police must notify the owner or the person living on the property in writing that the abatement must be done within five days of receipt of notice. If the nuisance isn't rectified within 15 days, the town can go in and clean it up. The cost incurred can be charged to the owner." ***Id.*** "The owner of the property did a cleanup after the initial site visit by the town, but after a follow-up visit on October 28," the town determined the property remained a public nuisance. ***Id.*** Moreover, the article quoted a town official who stated that no vehicles were removed from the property. ***Id.*** In another hand-written attachment to the complaint, the Plaintiff alleges that she gave away the mini van parked in her yard. **Complaint, *supra*.** However, in the motion to dismiss, the Town of Franklin admitted that it had seized the vehicles although the method of seizure was not specified.

It is appropriate for the Court to consider the items attached to the

Plaintiff's complaint.  ***Norfolk Fed'n  of Bus. Dist. v. H.U.D.*, 932 F. Supp.**

**730, 736 (E.D. Va.), *aff'd*, 103 F.3d 119 (table), 1996 WL 671293, *1 (4th**

**Cir. 1996) ("In short, a court may consider matters of public record,**

**items appearing in the record of the case, as well as exhibits attached**

**to the complaint.").**  In addition, "a court may take judicial notice of

matters of public record without converting a Rule 12(b)(6) motion into a

motion for summary judgment." ***Happel v. Wal-Mart Stores, Inc.*, 286**

**F.Supp.2d 943, 945 (N.D. Ill. 2003); *accord, Kaempe v. Myers*, 367 F.3d**

**958, 963 (D.C. Cir. 2004).**  The Plaintiff refers repeatedly to warnings given

to her by the Town of Franklin.  And, attached to the complaint are exhibits

which reference the notification given to her that her property was

considered a public nuisance.  Therefore, "[b]ecause [the Plaintiff] relies on

the [warnings and notification] in [the] complaint, it was proper for the

district court to consider it in ruling on the motion to dismiss." ***Darcangelo***

***v. Verizon Commc'n, Inc.*, 292 F.3d 181, 195 n. 5 (4th Cir. 2002) (citing**

***New Beckley Mining Corp. v. Int'l Union, UMWA*, 18 F.3d 1161, 1164**

**(4th Cir. 1994)).**  Moreover, "'a district court ruling on a motion to dismiss

may consider a document the authenticity of which is not contested, and

upon which the plaintiff's complaint necessarily relies.'" ***Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 F. App'x 174, 176 (4th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).** "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." ***GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).**

The Court will, therefore, require the Town of Franklin to provide a copy of any notification provided to the Plaintiff prior to the declaration of public nuisance.  The Court will also require the Town to clarify whether the two vehicles and travel trailer were actually removed from the property by Town authorities.

The Plaintiff has not objected to the Magistrate Judge's recommendation that the Town of Franklin be substituted as the proper party in the place of Rebecca Crawford and Mike Decker and that Macon County be substituted as the proper party in the place of Jane Morgan.

**IT IS, THEREFORE, ORDERED** that Rebecca Crawford and Mike Decker are hereby **DISMISSED** from this action and the Town of Franklin is substituted as the proper party; and

**IT IS FURTHER ORDERED** that Jane Morgan is hereby **DISMISSED** from this action and Macon County is substituted as the proper party; and

**IT IS FURTHER ORDERED** that on or before 10 days from entry of this Order, the Defendants shall file an authenticated copy of any notification provided to the Plaintiff prior to the declaration of public nuisance and shall clarify whether the vehicles in question were actually removed from the Plaintiff's property by the Defendants.

Signed: October 23, 2006

Lacy H. Thornburg
United States District Judge