**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL NO.  2:06CV13**

| | |
|---|---|
| **JOYCE ANN TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **Vs.** ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| **THE TOWN OF FRANKLIN, NORTH** ) | |
| **CAROLINA, and COUNTY OF** ) | |
| **MACON, NORTH CAROLINA,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

THIS MATTER is before the Court on the objections of the Plaintiff

and Defendants to the Memorandum and Recommendation of United

States Magistrate Judge Dennis Howell.

In response to the allegations made in the Plaintiff's objections, the

undersigned instructed the Defendants to clarify two issues raised by the

Plaintiff.  **Order, filed October 23, 2006.**

On May 23, 2006, the Plaintiff, who appears *pro se*, filed a
complaint alleging a claim pursuant to 42 U.S.C. § 1983.  In the
complaint, she alleges that employees of the Town of Franklin
and the County of Macon trespassed onto her residential real
property and removed personal property which they took to a
landfill.  A careful reading of the complaint discloses that the
governmental authorities removed personal property located

inside vehicles and a trailer which had been attracting vermin. Whether or not the vehicles themselves were removed by the authorities is less than clear. . . . Contained within th[e] language [of the complaint] is an implicit admission that the Plaintiff had previously received notification from the governmental authorities advising her to clean up her property and remove the vehicles. Indeed, attachments to the complaint show that the Plaintiff did, in fact, receive notification that her property was considered in violation of an ordinance against public nuisance. . . . Attached to the Plaintiff's complaint is a copy of a newspaper article in which it is alleged that the Plaintiff's property had been declared a public nuisance after being cited for being in violation of the town's nuisance ordinance. The article alleges that the property had been declared a nuisance on September 23, 2005 with the clean-up occurring on December 8, 2005. . . . Moreover, the article quoted a town official who stated that no vehicles were removed from the property. In another hand-written attachment to the complaint, the Plaintiff alleges that she gave away the mini van parked in her yard. However, in the motion to dismiss, the Town of Franklin admitted that it had seized the vehicles although the method of seizure was not specified.

It is appropriate for the Court to consider the items attached to the Plaintiff's complaint. *Norfolk Fed'n of Bus. Dist. v. H.U.D.*, 932 F. Supp. 730, 736 (E.D. Va.), *aff'd*, 103 F.3d 119 (table), 1996 WL 671293, *1 (4th Cir. 1996) ("In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint."). In addition, "a court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Happel v. Wal-Mart Stores, Inc.*, 286 F.Supp.2d 943, 945 (N.D. Ill. 2003); *accord, Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004). The Plaintiff refers repeatedly to warnings given to her by the Town of Franklin. And, attached to the complaint are exhibits which reference the notification given to her that her property was considered a public nuisance. Therefore, "[b]ecause [the Plaintiff] relies on

the [warnings and notification] in [the] complaint, it was proper for the district court to consider it in ruling on the motion to dismiss." *Darcangelo v. Verizon Commc'n, Inc.*, 292 F.3d 181, 195 n. 5 (4th Cir. 2002) (citing *New Beckley Mining Corp. v. Int'l Union, UMWA*, 18 F.3d 1161, 1164 (4th Cir. 1994)). Moreover, "'a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.'" *Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 F. App'x 174, 176 (4th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

The Court will, therefore, require the Town of Franklin to provide a copy of any notification provided to the Plaintiff prior to the declaration of public nuisance. The Court will also require the Town to clarify whether the two vehicles and travel trailer were actually removed from the property by Town authorities.

**Order,** *supra,* **at 2-5 (other citations omitted).**

In response to the Order, the Defendants filed a certificate of authenticity concerning the notification provided to the Plaintiff by certified mail that her property had been declared a public nuisance. **Certificate of Authenticity,** *attached to* **The Town of Franklin's Response to Order, filed November 2, 2006.** There is also a copy of the certified mail receipt providing proof the parcel was in fact delivered to the Plaintiff. *Id.* In that

certificate, Mike Decker as the Town Administrator for the Town of Franklin, also clarified that the Town did not remove any vehicles from the Plaintiff's property. *Id.* The Town's attorney also so advised in her response to the Order. **The Town of Franklin's Response, *supra*.**

The Plaintiff also responded to the Court's Order by admitting that she was told by town officials that her property was a public nuisance but claiming that she did not "receive[] into my hand any written notice[.]" **Plaintiff's Response to Order, filed October 31, 2006.** She also does not accuse the Town of removing her vehicles; she merely states that the vehicles were removed. *Id.* The Plaintiff also then states that she gave away the vehicles. *Id.*

The Magistrate Judge recommended the dismissal of the Plaintiff's due process and equal protection claims. The Plaintiff's objections do not persuade the Court that the Magistrate Judge was erroneous in that recommendation. Moreover, the information now provided to the Court also makes clear that no Fourth Amendment claim is viable. The Plaintiff has admitted that she was told her property had become a public nuisance and the Defendants have proven that formal notification was provided to the Plaintiff. Moreover, assuming *arguendo* the absence of the formal

notice, the Plaintiff has admitted she was told her property was a public nuisance. "A state may summarily abate a public nuisance, as doing so is within its police power." ***State ex rel. Howes v. W. R. Peele, Sr. Trust***, **876 F. Supp. 733, 741 (E.D.N.C. 1995);** ***accord, Edmundson v. City of Tulsa***, **152 F. App'x 694 (10th Cir. 2005);** ***Samuels v. Meriwether***, **94 F.3d 1163 (8th Cir. 1996);** ***Duffy v. City of Stanton, Kentucky***, **423 F.Supp.2d 683 (E.D. Ky. 2006);** ***Beganskas v. Town of Babylon***, **2006 WL 2689611, at \*11 (E.D.N.Y. 2006) ("Under established law, local governments have the power to summarily abate a nuisance without a warrant.") (citing** ***Livant v. Clifton***, **334 F.Supp.2d 321, 324-25 (E.D.N.Y. 2004));** ***Palco Invest., Inc. v. Springfield***, **2005 WL 3502142 (Ohio App. 2 Dist. 2005);** ***Patel v. City of Everman***, **179 S.W.3d 1, 11 (Tex. App. 2004) ("The government may abate public nuisances by virtue of its police powers.");** ***Bal Harbour Village v. Welsh***, **879 So.2d 1265, 1267 (Fla. App. 3 Dist. 2004) (In the exercise of its police power, the state has authority to prevent or abate nuisances, for police power is the sovereign right of the state to enact laws for the protection of lives and health.);** ***Jordan v. Commonwealth***, **549 S.E.2d 621 (Va. App. 2001).**

It is now established that the Plaintiff had notice that her property had been declared a public nuisance. It has also been shown that the vehicles on her property were not removed by the Defendants. The only seizure which occurred was of the items and trash contained within those vehicles and on the property, items and trash which were a public nuisance. The Plaintiff has failed to plead anything more. ***Duffy,*** **423 F.Supp.2d at 689-90.** The seizure of property which is a public nuisance is not objectively unreasonable. ***Id.***

The Court finds that the Defendants' motion to dismiss should be granted.[1]

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's recommendation is affirmed as amended by information provided in response to the Order; and

**IT IS FURTHER ORDERED** that the Defendants' motion to dismiss is hereby **GRANTED**, and this matter is hereby **DISMISSED WITH PREJUDICE** in its entirety.

---

[1] The Court finds that the motion to dismiss of the individual Defendant Jane Morgan is attributed to the County of Macon. Having failed to state a claim against the Town of Franklin, the Plaintiff has also failed to state a claim against the County.

Signed: February 27, 2007

Lacy H. Thornburg
United States District Judge